1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MELBA FORD,                                No.  1:17-cv-00034-DAD-EPG

12              Plaintiff,

13        v.                                    ORDER GRANTING MOTION TO
                                                DISMISS BASED ON LACK OF SUBJECT
14   CAROLINE CIRAOLO-KLEPPER,                  MATTER JURISDICTION
     DENNIS STIFFLER, COMMISSIONER,
15   INTERNAL REVENUE OFFICE OF                 (Doc. Nos. 13, 18)
     PROCEDURE AND
16   ADMINISTRATION, UNITED STATES
     ATTORNEY GENERAL, and TWO
17   UNKNOWN-NAMED ATTORNEYS
     (ONE IRS, ONE DOJ),
18
                Defendants.
19

20        Plaintiff is proceeding *pro se* in this matter against the United States, various offices

21   within the federal government, employees of the Internal Revenue Service ("IRS") and the

22   Department of Justice ("DOJ"). [1]  Plaintiff seeks to prevent the IRS from engaging in certain

23   practices related to individuals who, like herself, fail to file tax returns.  The government moved

24   to dismiss this action on March 31, 2017.  (Doc. No. 13.)  The court held oral argument on the

25   _____

26   [1] Defense counsel notes that several of those named by plaintiff are not proper defendants, have
     not been properly served, and have not been alleged to have engaged in any collective action
27   against plaintiff.  (Doc. No. 13-1 at 3, n.3.)  The only defendant specifically represented by
     counsel here is the United States of America, which maintains it should be the sole named
28   defendant in this action.

                                             1

motion to dismiss on May 2, 2017.  Defendants appeared through U.S. Department of Justice Tax

Division Trial Attorney Jonathan Hauck.  Plaintiff did not appear at the hearing.  For the reasons

that follow, the motion to dismiss will be granted.

## BACKGROUND

Plaintiff brings this complaint noting it is the thirteenth of "thousands which could be filed

by members of the Class,[2] each of whom have been similarly savaged" by the actions of the

named defendants.  (Doc. No. 1 at 2.)  Both parties note that a number of actions have been filed

in the District Court for the District of Columbia containing substantially the same allegations.

*See, e.g.*, *DePolo v. Ciraolo-Klepper*, 197 F. Supp. 3d 186, 190–91 (D.D.C. 2016); *Ellis v. Jarvis*,

No. 16-31 (JEB), 2016 WL 3072244, at \*3 (D.D.C. May 31, 2016); *McNeil v. Commissioner of*

*the Internal Rev. Serv.*, 179 F. Supp. 3d 1, 6–8 (D.D.C. 2016); *Ellis v. Comm'r of Internal Rev.*

*Serv.*, 67 F. Supp. 3d 325, 331–38 (D.D.C. 2014).  The court notes that each of these earlier filed

cases was dismissed at the pleading stage.

In her complaint plaintiff alleges that the

> IRS circumvents its lack of authority to enforce the income tax by
> systematically fabricating layered, falsified records concerning her
> and all similarly-situated Class members, (those labeled "non-
> filers" by IRS), in order to create appearance IRS executed
> substitute income tax returns on claimed dates when, in TRUTH,
> IRS never executes substitute income tax returns on any date, let
> alone those shown in its falsified records concerning Plaintiff.

(Doc. No. 1 at 3.)  Plaintiff believes the IRS lacks the authority to issue "substitutes for returns"

in relation to income tax matters, and may only do so in excise, employment, and partnership tax

---

[2] No class action has been certified here.  *See* Fed. R. Civ. P. 23(c)(1).  Accordingly, the court
construes plaintiff's comments about "class members" throughout her complaint as referring to
prospective class members.  However, as noted above, plaintiff is *pro se* and has made no
representations that she is an attorney or would otherwise be able to represent absent class
members.  *Pro se* plaintiffs are generally not permitted to represent a class, and the court will not
permit plaintiff to do so here.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)
("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing
claims on behalf of others in a representative capacity."); *Johns v. County of San Diego*, 114 F.3d
874, 876 (9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no
authority to appear as an attorney for others than himself.") (quotations omitted); *Rudgayzer v.*
*Yahoo! Inc.*, No. 5:12-cv-01399 EJD, 2012 WL 5471149, at \*4 (N.D. Cal. Nov. 9, 2012) ("[A]
*pro se* plaintiff cannot represent a class in a class action.").

matters. (*Id.*) Plaintiff claims the use of these substitutes is tantamount to falsifying government records in violation of 18 U.S.C. § 1001 and the Fourth and Fifth Amendments. (*Id.*) Additionally, plaintiff alleges the government does not actually create these substituted returns, and falsifies records showing it has. (*Id.*)

Plaintiff wishes the court to "grant the very reasonable inference . . . that Congress imposed no duty upon her to file any return, since no Government agency is authorized to commit crimes to enforce the law." (*Id.* at 5.) According to plaintiff's complaint, the "IRS admits it has no authority to execute substitute income tax returns for 'non-filers,'" falsifies its records by representing it has executed substitute tax returns when in fact it has not, and has been "carrying on a long-standing covert war against the Rule of Law, the Constitution of the United States and the hitherto helpless American people." (*Id.* at 6.) Because these records are allegedly falsified, plaintiff believes they should be barred from use in criminal prosecutions for failure to file tax returns.[3] (*Id.* at 7.)

According to plaintiff, the existence of the purported record falsification scheme is "the strongest possible inference Congress did not impose any duty upon Americans to file income tax returns." (*Id.* at 8.) In her complaint plaintiff alleges that there is only one means for IRS to "exert its' summary assessment authority under 26 USC §6020(b)," which is when a person voluntarily signs a return under penalty of perjury. (*Id.*) As such, according to plaintiff, the "IRS has no lawful power to compel payment of the income tax unless a person activates IRS' summary authority by swearing out a return under penalty of perjury, which "non-filers", by definition, don't do." (*Id.* at 9.) Ultimately, plaintiff contends that "no Government attorney or IRS staffer can point to the source of delegated Treasury authority to perform 'substitute income tax' returns." (*Id.* at 12.)

Plaintiff's allegations reflect her belief that there is a vast conspiracy among the DOJ and various federal courts to seek to deny her and the alleged class members referred to in her complaint the right to make their claims in federal court. (*Id.* at 13–14.) According to plaintiff,

---

[3] It is unclear whether plaintiff either has been or is currently subject to a criminal prosecution based on her decision not to file tax returns.

both DOJ attorneys and federal courts routinely falsify the relief sought by plaintiffs, misapprehend their factual allegations, and dismiss their complaints without providing them meaningful access to the courts, in violation of her and other class members' First Amendment rights. (*Id.* at 14.) According to plaintiff, this conspiracy involves not just federal judges, but also the staff of the federal circuit courts of appeal. (*Id.* at 15.) Meanwhile, members of the referred to class are purportedly being prosecuted by the Attorney General for failing to follow the tax laws. (*Id.* at 16.)

Plaintiff contends that her "six primary goals" are: (1) to compel the commissioner of the IRS to "cease falsifying and concealing falsified IRS records"; (2) to compel the IRS and DOJ to stop using these records; (3) to "[t]erminate the efforts of DoJ employees . . . to conceal and prolong the underlying scheme by filing false and misleading documents in civil cases initiated by victims"; (4) to enjoin the "creation of fraudulent pretended precedent by judicial staff when no Court has addressed the underlying scheme"; (5) to "[s]ecure review of the underlying IRS/DoJ fraud"; and (6) to compel the Attorney General to give grand juries investigating plaintiff and other non-filers the alleged "substantial exculpatory evidence of the IRS' felony record fabrication program." (*Id.* at 7–8.) In her complaint, plaintiff alleges three causes of action: (1) for violation of the APA, 5 U.S.C. § 702; (2) for violation of her Fourth and Fifth Amendment rights; and (3) for violation of her First Amendment rights. (*Id.* at 17–18.) Concerning the requested relief, plaintiff asks the IRS be enjoined from presuming "a zero amount due was shown on an imaginary return, pursuant to any regulation, including §301.6211"; from making substituted returns for people who fail to file their tax returns; from falsifying records; and from circumventing its "lack of authority to perform substitute 'income tax' returns." (*Id.* at 21.) Plaintiff also seeks to enjoin the DOJ from criminally prosecuting "non-filers," from seeking to prevent cross-examination of IRS employees concerning the IRS's authority to "take any action," and other various purportedly illegal schemes, frauds, and stratagems related to its attempts to represent the United States. (*Id.* at 21–22.)

/////

/////

4

## LEGAL STANDARD

Defendants move to dismiss plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.[4] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. *See Sea Vessel Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Accordingly, the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. *Safe Air for Everyone*, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, however, no presumption of truthfulness attaches to the plaintiff's allegations. *Thornhill Publ'g*, 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review

---

[4] A federal court also "ha[s] an independent obligation to address *sua sponte* whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).

1 | any evidence, such as affidavits and testimony, to resolve factual disputes concerning the

2 | existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). When a

3 | Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the

4 | burden of establishing that such jurisdiction does in fact exist. *Thornhill Publ'g.*, 594 F.2d at

5 | 733. Here, defendants mount a facial attack to the complaint's claim of subject matter

6 | jurisdiction, based on both the Anti-Injunction Act and plaintiff's lack of Article III standing.

7 | **ANALYSIS**

8 | This court clearly lacks subject matter jurisdiction over this action. First and foremost,

9 | this suit is barred by the Anti-Injunction Act ("AIA"). That act states, absent certain exceptions

10 | not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax

11 | shall be maintained in any court by any person, whether or not such person is the person against

12 | whom such tax was assessed." 26 U.S.C. § 7421. The Supreme Court has noted that the purpose

13 | of this statute is "the protection of the Government's need to assess and collect taxes as

14 | expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require

15 | that the legal right to the disputed sums be determined in a suit for refund.'" *Bob Jones Univ. v.*

16 | *Simon*, 416 U.S. 725, 736 (1974) (quoting *Enochs v. Williams Packing & Navig. Co.*, 370 U.S. 1,

17 | 7 (1962)). The Ninth Circuit has noted that "this statutory ban against judicial interference with

18 | the assessment or collection of taxes 'is equally applicable to activities which *are intended to or*

19 | *may culminate* in the assessment or collection of taxes.'" *Blech v. United States*, 595 F.2d 462,

20 | 466 (9th Cir. 1979) (emphasis added) (quoting *United States v. Dema*, 544 F.2d 1373, 1376 (7th

21 | Cir. 1976) *cert denied* 429 U.S. 1093 (1977)). *See also Confederated Tribes & Bands of Yakama*

22 | *Indian Nation v. Alcohol & Tobacco Tax & Trade Bureau*, 843 F.3d 810, 812 (9th Cir. 2016);

23 | *Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1486–87 (9th Cir. 1990).

24 | The bar imposed by the AIA is jurisdictional, and the court may not proceed at all in a suit

25 | barred by it. *Confederated Tribes*, 843 F.3d 810 at 812 (referencing the AIA's "jurisdictional

26 | prohibition"); *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) ("The district court must

27 | dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the

28 | exceptions to the [Anti-Injunction] Act."). The AIA's bar is absolute "unless the taxpayer

establishes that (1) the Government could not prevail on the merits of its tax claim under any circumstances, and (2) there is no adequate legal remedy and, as a result, irreparable injury will be suffered if injunctive relief is not granted." *Peters v. Agents for Int'l Monetary Fund*, 918 F. Supp. 309, 311–12 (C.D. Cal. 1995); *see also Church of Scientology of Cal.*, 920 F.2d at 1486 ("To avoid the bar of the Anti-Injunction Act, the Church has the burden of establishing that 'under the most liberal view of the law and the facts, the United States cannot establish its claim.'") (quoting *Schildcrout v. McKeever*, 580 F.2d 994 (9th Cir. 1978)).

Plaintiff repeatedly disclaims in her complaint that she is seeking to enjoin any aspect of tax collection proceedings. (Doc. No. 1 at 13) ("Certain judges and DoJ attorneys appear to have fabricated . . . allegations *not made* and relief *not requested* to bring the case within the otherwise inapposite restrictions of the Anti-Injunction Act."); (*id.*) ("All judges, to date, . . . [have falsely stated] that U.S. courts were supposedly stripped by the Anti-Injunction Act of ALL jurisdiction including equity, when overwhelming evidence proves it wasn't."); (*id.* at 15, n. 18) ("[T]he AIA is utterly irrelevant in cases such as this."); (*id.* at 19) (plaintiff "is NOT seeking to block the execution by IRS of any substitute income tax return" and "resolution of this case in Plaintiff's favor will have zero arguable impact on any Congressionally-authorized pre-assessment, assessment, or collection activity of the IRS"). Plaintiff's opposition to the pending motion to dismiss makes similar claims. (Doc. No. 14 at 4) ("I CATEGORICALLY DENY seeking the relief the Government attorneys fabricated and falsely attribute to me to bring this case, by fraud within the ambit of Anti-Injunction Act prohibitions."); (*id.* at 15) ("I EXPLICITLY, CATEGORICALLY DENY SEEKING, AND DO **NOT** SEEK, to enjoin IRS from preparing substitute income tax returns.").[5] Regardless of plaintiff's protestations to the contrary, an injunction to prohibit the IRS from engaging in activity related to tax collection is exactly what her complaint filed in this court seeks. Plaintiff desires that this court to prevent the IRS from

---

[5] Indeed, plaintiff has even filed a Rule 11 motion seeking the imposition of sanctions on this basis against counsel for the United States. (*See* Doc. No. 18 at 4) ("I DO seek to enjoin fabrication of falsified records to reflect substitute income tax returns which don't exist. So, I haven't sought the relief Mr. Hauck fraudulently attributed to me, and by which fraud he seeks to bring my litigation within the prohibitions of the Anti-Injunction Act.")

1  falsifying tax records and/or using those allegedly falsified tax records in proceedings against her.

2  (Doc. No. 1 at 19–20.)  Plaintiff maintains that any and all documentation of the IRS creating a

3  substituted return for her is falsified because she did not voluntarily swear out a return under

4  penalty of perjury because she simply did not file a tax return for 2003.  (Doc. No. 1 at 8–9; Doc.

5  No. 14 at 6.)  Put another way, plaintiff alleges the "IRS has no lawful power to compel payment

6  of the income tax unless a person activates IRS' summary authority by swearing out a return

7  under penalty of perjury."  (Doc. No. 1 at 9.)  This suit, therefore, seeks to stop the IRS from

8  using or creating any records of the fact that plaintiff did not file an income tax return, because

9  she believes the agency's manner of recordkeeping regarding this fact is illegal.  Seeking an

10  injunction for this purpose is the same as seeking to enjoin an activity by the IRS that is "intended

11  to or may culminate in the assessment or collection of taxes."  *Blech*, 595 F.2d at 466.  Therefore,

12  this is precisely the kind of suit forestalled by the AIA.

13  Moreover, plaintiff is incorrect about the lack of statutory authority allowing the IRS to

14  create substituted returns.  The relevant statute notes exactly to the contrary, and specifically

15  authorizes the creation of a return absent any filing from the taxpayer:

16
17  If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor . . . the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.
18

19  26 U.S.C. § 6020(b).  Moreover, a tax liability is owed regardless of whether plaintiff filed a tax

20  return.  *See* 26 C.F.R. § 301.6211-1(a) ("If no return is made . . . [the taxes paid] shall be

21  considered as zero.  Accordingly, in any such case, . . . the deficiency is the amount of the income

22  tax imposed by subtitle A.").  Plaintiff does not even allege she comes within an exception to the

23  AIA, and it is not apparent the IRS would be unable to prevail on a tax claim against her.  *See*

24  *Peters*, 918 F. Supp. at 311–12.

25  Moreover, to the extent plaintiff may be taken at her word that she is not seeking to enjoin

26  the IRS from collecting taxes from her, but rather is simply complaining generally about the way

27  the IRS keeps records of individuals such as herself who fail to file tax returns, she lacks standing

28  to bring this action.  Article III limits the jurisdiction of federal courts to "cases" and

8

"controversies." U.S. Const., Art. III, § 2. To state a case or controversy sufficient to meet Article III requirements, a plaintiff must have suffered an "injury in fact," which has a causal relationship with the conduct complained of, and which is likely to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, plaintiff has identified no freestanding right—separate from a cognizable legal injury such as the IRS's attempts to collect a tax debt from her—to ensure the government does not keep false records. *See Ellis*, 67 F. Supp. 3d at 335 ("[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.") (quoting *Lujan*, 504 U.S. at 573–74). Moreover, to the extent plaintiff denies she is seeking to prevent the IRS from collecting or assessing a tax debt, any injury which may exist will not be redressed by a favorable decision from this court. *See Ellis*, 67 F. Supp. 3d at 337. Indeed, plaintiff seems to acknowledge this by alleging in her complaint that "resolution of this case in Plaintiff's favor will have zero arguable impact on any Congressionally-authorized pre-assessment, assessment, or collection activity of the IRS." (Doc. No. 1 at 19.) Finally, to the extent plaintiff alleges violations of any federal criminal statutes have occurred, she has failed to demonstrate her legal authority to enforce those criminal statutes. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress.").

In sum, it is clear this court does not have jurisdiction over this action. To the extent plaintiff seeks to enjoin the government from using or making certain records in relation to its attempts to collect income taxes from her, the suit is barred by the AIA. To the extent plaintiff is merely objecting to the government's record-keeping practices generally, she lacks Article III standing to bring such an action. Numerous other cases have been brought and dismissed on these same grounds. *See, e.g.*, *DePolo*, 197 F. Supp. 3d at 190–91; *Ellis*, 2016 WL 3072244, at *3; *McNeil*, 179 F. Supp. 3d at 6–8; *Ellis*, 67 F. Supp. 3d at 331–38.

/////

Finally, plaintiff has not stated a cognizable claim that the courts and the named defendants violated any First Amendment right of access to the courts.  First, the prior cases referred to in the complaint were filed by other individuals, not plaintiff, and she may not represent the interests of other individuals as a *pro se* litigant.  *Johns*, 114 F.3d at 876 ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself.").  Second, the claims in those earlier filed cases, as the claim presented in this case, were meritless.  The First Amendment protects litigants from being subjected to official action that inhibits "preparing and filing suits," and rests "on the recognition that the right [of access to the courts] is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court."  *Christopher v. Harbury*, 536 U.S. 403, 413–14 (2002).  Plaintiff's claim is meritless, as were those alleged in the cases she cites as evidence of a denial of access to the courts, and plaintiff cannot be said to have suffered an injury by not being allowed to proceed on a meritless claim.  Moreover, plaintiff has alleged no facts suggesting she was inhibited from preparing and filing this action.  In short, plaintiff has accessed the courts.[6]

### CONCLUSION

For the reasons set forth above, defendant's motion to dismiss this action (Doc. No. 13) must be granted.  Plaintiff's Rule 11 motion for sanctions (Doc. No. 18) is denied as having been rendered moot in light of this court's lack of subject matter jurisdiction over the action in its entirety.

IT IS SO ORDERED.

Dated:  **May 18, 2017**

_____
UNITED STATES DISTRICT JUDGE

---

[6]  Of course, the First Amendment does not guarantee plaintiff any particular outcome in her litigation.

10