UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELBA FORD,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLINE CIRAOLO-KLEPPER, et al.,<br><br>        Defendants. | No. 17-cv-00034-DAD-EPG<br><br>ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT<br><br>(Doc. No. 21) |

This case was dismissed by court order on May 18, 2017, after the court determined it lacked jurisdiction under the Anti-Injunction Act ("AIA"). (Doc. No. 19.) Thereafter, on June 13, 2017, plaintiff brought a motion to alter or amend the judgment. (Doc. No. 21.) For the reasons set forth below, plaintiff's motion will be denied.

While plaintiff does not identify the relevant rule upon which she relies in moving to alter or amend the judgment in this action, such requests are typically governed by Rule 59 of the Federal Rules of Civil Procedure. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "Clear error" is a "very exacting standard," in which the court must be

1

"more than just maybe or probably wrong; it must be dead wrong." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (quoting *Campion v. Old Republic Home Prot. Co. Inc.*, No. 09-cv-748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011)).

Plaintiff identifies neither new evidence nor an intervening change in controlling law here. Instead, she sets forth seven errors she believes the court made in its prior order dismissing this action, which the court construes as plaintiff's allegations of "clear error": (1) the court purportedly "failed to assay how Plaintiff's revelation IRS' fails/refuses to prepare returns on any date shown in IRS records . . . might invoke the equitable exception to the Anti-Injunction Act"; (2) the court incorrectly construed her complaint as claiming that the government falsified records; (3) the court incorrectly construed her complaint as claiming that any substituted returns attributed to her were falsified; (4) the court incorrectly construed the relief she sought as seeking to prevent the IRS from using or creating any records of the fact that plaintiff did not file an income tax return, rather than seeking "to stop IRS from using computer fraud to create the appearance that ***it*** prepares substituted income tax returns"; (5) the court incorrectly construed the relief she sought as seeking to prevent the IRS from "making substituted returns for people who fail to file their tax returns" instead of "enjoin[ing] IRS from refusing/failing to perform substitute income tax returns on any date shown in IRS-falsified records concerning her, and from using such falsified records for any purpose"; (6) the court should recognize plaintiff's freestanding right "to ensure the Government does not fabricate false records to be used in a future criminal prosecution of her"; and (7) that because this court construed her claims incorrectly, it failed to adjudicate her real case. (Doc. No. 21 at 4–13.)

For many of these alleged errors, the only relief sought by the plaintiff is either a request that the court provide her with additional citations or that it amend the language of its order to reflect her view of the case. (*See* Doc. No. 21 at 6–9.) Such requests by plaintiff are without merit. *See PXRE Reins. Co. v. Lumbermens Mut. Cas. Co.*, 330 F. Supp. 2d 981, 983 (N.D. Ill. 2004) ("Despite what [plaintiff] appears to think, this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.") (quoting *Quaker*

*Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)); *389 Orange Street Partners*, 179 F.3d at 665 (holding that a motion for reconsideration should not be granted absent a showing of clear error). Plaintiff is not entitled to have a court order phrased in a particular way, and her requests will therefore be denied.

To the extent plaintiff challenges the use of certain IRS records as violative of her Fifth Amendment rights in some future criminal prosecution, that issue is clearly not ripe absent criminal charges being filed against her[1] and plaintiff therefore lacks standing to raise such a challenge in this action. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (holding injury for purposes of standing must be "actual or imminent, not conjectural or hypothetical") (internal quotations omitted); *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("[I]n many cases, ripeness coincides squarely with standing's injury in fact prong."). The court previously addressed whether plaintiff fell within the equitable exception to the AIA, and concluded that she did not. (*See* Doc. No. 19 at 8.) As also previously explained by the court, plaintiff lacks standing to challenge the IRS's record-keeping practices in general. (*See id.* at 8–9.) Finally, to the extent plaintiff is seeking to challenge the IRS's record-keeping practices in order to forestall its efforts to collect taxes from her, such an action is barred by the Anti-Injunction Act. (*See id.* at 6–8.)

For all of these reasons, the court concludes plaintiff has not shown any clear error justifying the alteration or amendment of the court's order dismissing this action or the judgment entered pursuant thereto. Plaintiff's motion to alter or amend the judgment (Doc. No. 21) is therefore denied.

IT IS SO ORDERED.

Dated: **June 23, 2017**

UNITED STATES DISTRICT JUDGE

---

[1] Were criminal charges filed against plaintiff, any challenge to the introduction of evidence against her would be an issue to be resolved by the court before which those charges were pending. *See Rodriguez v. United States*, No. C 97-4392 FMS(PR), 1997 WL 797834, at *1 (N.D. Cal. Dec. 11, 1997) ("Plaintiff must challenge the admission of evidence in a pending federal criminal proceeding in that proceeding or, if appropriate, the court of appeals.")

3